ALLSTATE INSURANCE COMPANY *vs.* AUTO DAMAGE
APPRAISER LICENSING BOARD.

Suffolk. February 5, 1987. — May 12, 1987.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Administrative Law.* Regulations, Agency's interpretation of regulation. *Insurance,* Motor vehicle insurance. *Words,* "Refer."

In an action by an insurance company seeking declaratory and injunctive relief to prohibit the Auto Damage Appraiser Licensing Board, established by G. L. c. 26, § 86, from imposing pursuant to 212 Code Mass. Regs. § 2.04 (1) (c) (1983) (Regulation I-82), a total ban on communications between automobile insurers and their customers regarding automobile repair shops, this court held that provisions of Regulation I-82 did not prohibit an insurer's providing, on its customer's request, a list of repair shops which it believes can perform quality work, where the communication makes clear that the choice of any repair shop is the customer's. [851-854]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on March 2, 1983.

On transfer to the Superior Court Department the case was heard by *Jeremiah J. Sullivan,* J., sitting under statutory authority.

The Supreme Judicial Court granted a request for direct appellate review.

*Alan H. Silberman* of Illinois (*Catherine A. White* with him) for the plaintiff.

*Joan C. Stoddard,* Assistant Attorney General, for the defendant.

ABRAMS, J. At issue in this case is the meaning and validity of 212 Code Mass. Regs. § 2.04(1)(c) (1983) (Regulation I-82). The defendant, the Auto Damage Appraiser Licensing Board (board), interprets Regulation I-82 as imposing a total prohibition on communications between insurance companies and their customers regarding automobile repair shops.

Allstate filed a complaint seeking declaratory and injunctive relief in the Supreme Judicial Court for Suffolk County to prevent the board from prohibiting Allstate from providing automobile owners, at their request, with information regarding repair shops known by Allstate to perform quality repairs.[1] Allstate requested that the court find that Regulation I-82 does not prohibit its proposed communications or, in the alternative, that, if the regulation does prohibit such communications, it violates the First and Fourteenth Amendments to the United States Constitution and art. 16 of the Massachusetts Declaration of Rights, as amended by art. 77 of the Amendments to the Constitution of the Commonwealth. The single justice transferred the case to the Superior Court. After trial, the judge held that Regulation I-82, as interpreted by the board, was constitutional. Allstate appealed. We allowed Allstate's application for direct appellate review.

The narrow issue argued by Allstate on appeal is whether Allstate may "respond to car owners who request information about automobile repair shops by providing the names of at least four shops which Allstate believes will properly repair the damage . . . at competitive prices *if that information is accompanied by an affirmative statement that the car owner need not use any of the repair shops mentioned*" (emphasis in original).[2] We conclude that Regulation I-82 by its terms does

---

[1] Allstate in its complaint proposed to engage in the following communications: (1) providing automobile owners at their request the names of at least four conveniently located repair shops known to Allstate to perform quality repairs at competitive prices, without requiring that such shops be used by the owner; (2) distributing to automobile owners who express no choice of a repair shop leaflets explaining that, if the owner has a preference for a shop, it will be used; that, if the owner has no preference, the adjuster will recommend a shop; and that, if the work is completed at a recommended shop, Allstate will guarantee the work; (3) posting in its drive-in claim facilities cards with the information outlined in (2); and (4) instructing its telephone claim handling personnel and appraisers that they may inform automobile owners of Allstate's willingness to supply information about repair shops.

[2] The judge found that the regulation as interpreted by the board was constitutional, and he therefore made no findings regarding Allstate's specific suggested communications. The board may want to reconsider its position with respect to Allstate's other proposed communications in light

not prohibit an insurer from providing its customer, at the customer's request, with a list of repair shops or individuals which it believes do quality work and which leaves the choice of whether to use the repair shops or individuals to the customer.[3] For these reasons, we remand to the Superior Court for a declaration consistent with this opinion.

The board was created in 1982 pursuant to G. L. c. 26, § 8G, inserted by St. 1981, c. 775, § 1. The statute vested the board with the authority to license and regulate individuals to appraise damages to motor vehicles.[4] Section 8G, in relevant part, provides that "[n]o appraiser or insurer shall request or suggest that repairs be made in a specified repair shop."[5] The statute also provides that "[n]o insurance company or employee, agent or insurance agency or representative thereof shall coerce or use any tactics the purpose of which is to prevent insureds or claimants from seeking damage reports on repairs from their own repair shop rather than utilizing a company appraisal drive-in facility." In February, 1983, the board promulgated the regulation at issue, Regulation I-82.

---

of this opinion. We comment only on the specific communication relied on by Allstate to show the invalidity of the board's interpretation of the regulation.

[3] Because this narrow issue may be decided without reaching any constitutional questions, judicial restraint requires that we leave open the constitutional questions. See *Lockhart* v. *Attorney Gen.,* 390 Mass. 780, 784 (1984).

[4] Prior to the creation of the board, the Commissioner of Insurance had authority to regulate appraisers. See G. L. c. 175, § 113M, repealed by St. 1981, c. 775, § 3.

[5] General Laws c. 175, § 13M, had no similar provision. The Commissioner, however, promulgated Regulation I-78, codified as 211 Code Mass. Regs. § 89:00 (1978), which provided, in relevant part: "No . . . insurer . . . shall refer the claimant to any repair shop or require that repairs be made by a specific repair shop or individual, provided that the claimant, upon his or her request, may be furnished with the names of no fewer than four repair shops listed in alphabetical order. . . .

"The insurer may state which, if any, of the repair shops on the referral list have agreed to make repairs according to an appraisal performed by that insurer. Further, the insurer may indicate whether and to what extent it will guarantee the repairs made by any of the repair shops listed. In addition, the insurer may recommend specialty shops where standard items such as glass and tires are available."

Regulation I-82 provides in relevant part: "No staff or independent appraiser, insurer, representative of insurer, or employer of an independent appraiser shall refer the claimant to any repair shop or require that repairs be made by a specific repair shop or individual." The board argues that Regulation I-82 imposes a total ban on all communications between insurers and their customers regarding repair shops. According to the board's interpretation, even if a customer requests information regarding repair shops, the insurer may not respond with any kind of list of repair shops or individuals.

"Ordinarily an agency's interpretation of its own rule is entitled to great weight. . . . However, this principle is one of deference, not abdication, and courts will not hesitate to overrule agency interpretations of rules when those interpretations are arbitrary, unreasonable or inconsistent with the plain terms of the rule itself." (Citations omitted.) *Finkelstein* v. *Board of Registration in Optometry,* 370 Mass. 476, 478 (1976). See *Crane* v. *Commissioner of Pub. Welfare,* 395 Mass. 435, 443-444 (1985).

By its terms and consistent with the enabling statute, Regulation I-82 does not allow an insurer to "refer the claimant to any repair shop or require that repairs be made by a specific repair shop or individual." The critical word is "refer." Webster's defines the word "refer" as "[t]o send or direct (to some person or place), for treatment, aid, information, decision, etc. . . ." Webster's Third New Int'l Dictionary 1907 (1961). We do not view responding to a customer's request for a list of repair shops that the customer might use, if the customer so chooses, as referring, sending, or directing that customer to a specific shop or individual. Providing a list of possible repair shops or individuals at the customer's request and leaving the choice open to the customer whether to use any of the shops or individuals on the list is not prohibited by the words of the regulation or required by the enabling statute. Providing the requested information to a customer may be viewed as part of a company's service to its customers. In any event, providing a list at the customer's request and leaving the choice to the customer does not undermine the purpose of preventing the

insurance company from requiring or directing its customers to specific shops or individuals.

We remand this matter to the Superior Court for a declaration that an insurer, on the request of a customer, may provide that customer with a list of repair shops or individuals which it believes can do quality repair work as long as the communication makes it clear that the choice of the repair shop or individual belongs to the customer.

*So ordered.*